OPINION
{¶ 1} Defendant-appellant Brian E. Gardner appeals his sentence entered by the Knox County Court of Common Pleas, following his conviction on two counts of Trafficking in Cocaine, in violation of R.C. 2925.03 (A)(1), felonies of the fifth degree; and three counts of Trafficking in Cocaine, in violation of R.C. 2925.03 (A)(1), felonies of the third degree.
 STATEMENT OF THE CASE[1] {¶ 2} Following appellant's entering guilty pleas to the aforementioned charges, the trial court ordered a pre-sentence investigation. On January 28, 2005, appellant was sentenced to a definite term of imprisonment of eleven months each on the two fifth degree felonies; and a definite term of two years each on the third degree felonies. All sentences were ordered to run concurrently. The trial court also ordered restitution, imposed fines and costs, and suspended appellant's operator's license.
 {¶ 3} This matter comes to us after we granted appellant's motion to file a delayed appeal. Appellant appeals the February 1, 2005 Sentencing Entry, assigning as error:
 {¶ 4} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT MR. GARDNER WAS ON PROBATION AT THE TIME THE FELONY OFFENSE WAS ALLEGEDLY COMMITTED AND THEN SUBSEQUENTLY USED THAT FINDING TO JUSTIFY A TERM OF IMPRISONMENT THAT IS GREATER THAN THE MINIMUM MANDATORY SENTENCE.
 {¶ 5} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED MR. GARDNER AS A FIRST TIME FELONY OFFENDER TO A PRISON TERM IN EXCESS OF THE MANDATORY MINIMUM SENTENCE OF SIX MONTHS ON COUNTS ONE AND TWO OF THE INDICTMENT AND THE MANDATORY MINIMUM SENTENCE OF ONE YEAR ON COUNTS THREE, FOUR AND FIVE OF THE INDICTMENT."
 II {¶ 6} We shall address appellant's second assignment of error first as we find its disposition resolves his appeal.
 {¶ 7} In its Sentencing Entry, the trial court found, pursuant to O.R.C. 2929.14 (B), the shortest prison term would demean the seriousness of appellant's conduct and the shortest prison term would not adequately protect the public from future crime by appellant or others. Based upon such finding, the trial court sentenced appellant to more than the minimum term (one year).
 {¶ 8} Subsequent to the filing of briefs by the parties, the Ohio Supreme Court announced its decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856. Therein the Ohio Supreme Court found R.C 2929.14 (B) unconstitutional. Id., syllabus no. 1. The Foster Court determined sentences based upon unconstitutional statutes are void and the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at para. 103. Based upon Foster, we sustain this assignment of error.
 I {¶ 9} Based upon our disposition of appellant's second assignment of error, we find appellant's argument herein to be moot.
 {¶ 10} Appellant's sentence is order vacated and the case remanded to the trial court for resentencing.
Hoffman, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, appellant's sentence is ordered vacated and the case is remanded to the trial court for resentencing. Costs assessed to appellee.
[1] A rendition of the facts is unnecessary for our resolution of appellant's assignments of error.